Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMOSA TELEVISION CO., LTD, a Taiwanese corporation; GOLDIA ONE VISION COMPANY LIMITED, a Canadian limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>VIETFACE MEDIA GROUP, INC., a California corporation; VIETFACE TV HOUSTON CORPORATION; a Texas corporation; VIETV NETWORK, LLC a Texas limited liability company; and DOES 1-10, Inclusive,<br><br>Defendants | Case No.: 2:15-cv-8575<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

Plaintiff alleges:

JURISDICTION AND VENUE

1. The present action arises under the Copyright Act, Title 17, Section 101, et seq.,

of the United States Code.

2. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

3. Venue lies in the Central District of California under 28 U.S.C. Section 1400(a).

## THE PARTIES TO THE ACTION

A. The Plaintiffs

4. Plaintiff Formosa Television Co., Ltd. ("Formosa TV") is a corporation incorporated under the laws of Taiwan, R.O.C., with its principal place of business in Taipei, Taiwan. Formosa is in the business of, *inter alia,* the producing and distribution of Chinese-language television programing.

5. Plaintiff Goldia One Vision Company Limited ("Goldia") is a limited liability company formed under the laws of Canada, with its principal place of business in Vancouver, B.C., Canada.  Goldia is in the business of distributing Chinese-language motion pictures and television programs throughout the United States and Canada.

B. The Defendants

6. Upon information and belief, Defendant Vietface Media Group, Inc., ("Vietface Media") is a California corporation, with its principal place of business located in Fountain Valley, CA.  Vietface Media is in the business of broadcasting motion pictures and television programs to the Vietnamese community in Los Angeles,

CA.

7. Upon information and belief, Defendant Vietface TV Houston Corporation., ("Vietface Houston") is a Texas corporation, with its principal place of business located in Houston, TX.  Vietface Houston is in the business of broadcasting motion pictures and television programs to the Vietnamese community in Houston, TX.

8. Upon information and belief, Defendant Vietv, Network, LLC., ("Vietv") is a Texas limited liability company, with its principal place of business located in Houston, TX.  Vietv is in the business of broadcasting motion pictures and television programs to the Vietnamese community throughout the United States over the internet.

9. Plaintiffs are informed and believe, and on that basis allege, that various persons and entities, whose names are presently unknown to Plaintiffs, participated in and are liable for the wrongful acts set forth herein.  Plaintiffs will seek leave of Court to amend the Complaint to add such persons and entities as Defendants and to allege the exact nature of their wrongful conduct when such information has been ascertained.

10.  Plaintiffs are informed and believe, and on that basis  allege, that in connection with the acts set forth herein, each of the Defendants acted willingly, intentionally,

and knowingly, both for himself, herself, or itself, and in concert with each other defendant, and as an agent for each other defendant, and was at all times acting within the course and scope of such agency, with the consent, authorization and/or ratification of each other defendant, and in furtherance of a common scheme to infringe the copyrights, and other valuable rights of Plaintiffs.

## FACTS COMMON TO CLAIMS OF RELIEF

11. Formosa TV is the copyright owner to two Taiwanese soap opera dramas, one known by the Vietnamese-language title *An Oan Tinh Thu* and the English-language title *Upmost Sun* and the other known by the Vietnamese-language title *Khi Nguoi Ta Yeu* and the English-language title *Love*.

12. In May 2013, Formosa TV entered into a written agreement with Goldia in which Formosa TV licensed to Goldia the exclusive right to distribute *Love* in North America from June 1, 2013 to May 31, 2017.

13. Upon information and belief, Defendants own and operate a series of free-to-air channels in Southern California (KJLA 57.2), Northern California (KAXT 1.8), Houston TX, (51.2) and Dallas TX (55.5). Defendants also air programs over the internet at www.vietfacetv.com and on DirecTV (Channel 2076) and the Galaxy 19 network.

14. Upon information and belief, these channels are either run directly by Vietface

Media, or through their affiliates in Los Angeles, San Jose, Houston, and Dallas.

15. Within the last three years, Plaintiffs discovered that Defendants have infringed the copyright to *Upmost Sun* and *Love*, by, airing these television programs on the Los Angeles, and Houston channels, and on the internet.

16. The distribution of *Upmost Sun* and *Love* by Defendants, without Plaintiffs' authorization is a violation of Plaintiffs exclusive rights pursuant to copyright law.

## Attorneys' Fees and Costs

17. By reason of the wrongful acts of defendants, Plaintiff has been forced to retain the Law Offices of Larry Zerner to prosecute the present action. As a result, Plaintiff will incur attorneys' fees in an amount yet to be fully ascertained, but which is reasonably expected to exceed Ten Thousand Dollars ($10,000.00).

## FIRST CLAIM FOR RELIEF

## For Copyright Infringement against all Defendants

18. Plaintiff re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 17 above as though fully set forth herein.

19. As set forth above, Defendants have infringed Plaintiffs' copyright to *Upmost Sun* and *Love* by distributing the television programs and airing them on their respective television channels, and on the internet.

20. The distribution and airing of *Upmost Sun* and *Love* by Defendants was done

without Plaintiffs' consent and in violation of Plaintiffs' exclusive rights under copyright.

21.  By reason of the foregoing, Plaintiffs have sustained, and will continue to sustain, substantial and irreparable injuries, loss and damage to its copyright.

22.  Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiffs' irreparable injury. The amount of compensation which would afford adequate relief to Plaintiffs for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiffs' remedy at law is inadequate, and Plaintiffs are entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

23.  Notwithstanding the foregoing, as the direct and proximate result of the wrongful acts of Defendants, Plaintiffs have been damaged in an amount according to proof at trial, but which is believed to exceed $200,000.  Plaintiffs will seek leave of Court to amend this Complaint when the full nature and extent of such monetary damages are ascertained.

24. Because *Upmost Sun* and *Love* are not "United States Works" as defined in 17 U.S.C., §101, registration of these programs with the U.S. Copyright Office is not

required as a prerequisite to filing a lawsuit, pursuant to 17 U.S.C. §411.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained or will sustain by reason of Defendants' conduct, but in no event less than $200,000, and to account for all gains, profits and advantages derived by Defendants from such conduct.

2.    That all items which infringe Plaintiffs' copyright be impounded surrendered up and forfeited to Plaintiffs for destruction or other disposition.

3.    That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in *Upmost Sun* and *Love*; and

4.  That Defendants be required to pay to Plaintiffs their attorneys' fees and costs incurred in connection with the prosecution of this action; and

5. For such other and further relief as the Court deems appropriate.

DATED: November 3, 2015                LAW OFFICES OF LARRY ZERNER

By:  Larry Zerner
     Larry Zerner
     Attorney for Plaintiffs
     Formosa Television Co., Ltd, and Goldia
     One Vision Company Limited

### DEMAND FOR TRIAL BY JURY

Plaintiffs Formosa Television Co., Ltd, and Goldia One Vision Company Limited pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demand trial by jury of all issues so triable in the present action.

DATED: November 3, 2015                LAW OFFICES OF LARRY ZERNER

By:  Larry Zerner
     Attorney for Plaintiffs
     Formosa Television Co., Ltd, and Goldia One
     Vision Company Limited